```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHESTER TOMASZEWSKI, ET AL.,    :
                                :
     Plaintiffs,                :
                                :
V.                              :   CASE NO. 3:98-CV-2103 (RNC)
                                :
NACCO MATERIALS HANDLING GROUP, :
INC., ET AL.,                   :
                                :
     Defendants.                :
```

## RULING ON BILL OF COSTS

On February 4, 2005, defendant NACCO filed a bill of costs requesting $17,794.88 (Doc. # 215). On April 1, the Clerk issued a detailed decision (Doc. # 216) allowing NACCO to recover only $3,214.59. In response to that decision, NACCO has submitted a new bill of costs providing additional information and requesting a total of $16,268.81. (Doc. # 217).

A.   FEES FOR COURT REPORTERS

Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 54. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures," maximum transcript rates for delivery of transcripts are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs. Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217 (7th Cir. 1975).

The Clerk disallowed without prejudice a claim for court reporter fees for a transcript of deposition testimony of plaintiff Chester Tomaszewski in the amount of $530.21, allowing

only $63.60 for the appearance fee subject to submission of supporting documentation reflecting the number of pages and page rate charged.  Because defendant has submitted documentation to support the amount of $440.20, that amount plus the $63.60 appearance fee is allowed, for a total of $503.80.

The Clerk allowed a claim for another transcript of plaintiff's deposition testimony in the amount of $489.93, but defendant has submitted documentation supporting the amount of $466.70; therefore, the amount of $466.70 is allowed instead of $489.93.

The Clerk disallowed without prejudice a claim for court reporter fees for a deposition transcript of Roy Perler (also known as Sheldon Perler) in the amount of $401.74, allowing only $79.50 for the appearance fee subject to the submission of documentation as to the number of pages and the page rate of the transcript.  Because defendant has submitted that documentation, the full amount of $401.74 is allowed.

The Clerk disallowed without prejudice a claim for court reporter fees for transcripts of depositions of Hadar Lubin (plaintiff's psychiatrist), Thomas J. Feaheny (plaintiffs' original liability expert), Richard Schuster (plaintiff's life-care expert), Gary Crakes (plaintiffs' expert economist), Joseph Pessalano (defendants' life care/vocational expert), Brian Charlier (accident fact witness who moved out of state), Marvin S. Arons (plaintiff's expert hand surgeon), Sachiko Tomaszewski (plaintiff), Darin P. Tomaszewski (plaintiffs' son), Wolfe J.

Erlich (plaintiff's medical expert), Kirsten Anderson (plaintiff's treating doctor), Kenneth M. Selig (defense psychiatric expert), Brian E. Michael (defense medical expert), Wayne S. Tomaszewski (plaintiffs' son), and James Lyle (defendant's Oregon-based employee) subject to a showing that these depositions were necessarily obtained to properly prepare the case for trial and not just for the convenience of counsel.

Defendant has made the requisite showing with respect to Lubin, Feaheny, Schuster, Crakes, Arons, Sachiko Tomaszewski, Darin P. Tomaszewski, Erlich, Wayne S. Tomaszewski, and Lyle. Plaintiff's treating doctors (Lubin, Arons, Erlich, and Anderson) had to be deposed to evaluate his claims for damages and the need for defense expert testimony on medical, surgical, disability, vocational, and psychological issues.  Accordingly, the claim of $431.00 with respect to Arons's deposition transcript is allowed, as are the claims with respect to Lubin's deposition transcripts in the amounts of $641.90 and $408.80.  The claim for court reporter fees for the deposition transcript of Erlich is allowed in the amount of $417.00, reducing the page rate to $3.75. Because defendant has failed to submit an invoice documenting the number of pages and the page rate of the transcript, the claim for court reporter fees for the deposition transcript of Anderson is denied.

Defendant had to depose plaintiffs' damages experts (Schuster and Crakes) to prepare a defense to plaintiffs' damages claims.  The claims with respect to their deposition transcripts

in the respective amounts of $615.00 and $383.40 are allowed. The deposition transcripts of defendant's damages witness (Pessalano) and defendant's psychiatric and medical experts (Selig and Michael) were necessary to the preparation of the case as well. The claims with respect to their deposition transcripts in the respective amounts of $261.00, $247.50, and $198.00 are allowed. Moreover, defendant had to depose plaintiffs' original liability expert (Feaheny) to discover his opinions and to prepare to move to disqualify him under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and the deposition transcript of defendants' expert (Entwisle) was necessary to that effort. Hence, the claims with respect to Entwisle's deposition transcripts in the amounts of $438.75 and $288.60 are allowed. However, the claim for court reporter fees for the deposition transcript of Feaheny is allowed in the reduced amount of $648.50, reflecting an accurate calculation based on the page rate of $3.15. The second claim for court reporter fees for the deposition transcript of Feaheny is denied as duplicative.

The Clerk disallowed without prejudice a claim for court reporter fees for deposition transcripts of Lyle and Charlier as well as a videotaped deposition transcript of Glenn DeCray. Defendant has shown that obtaining these transcripts was necessary to the preparation of the case because Lyle, Charlier, and DeCray[1] were out of state and their presence in court for

---

[1] The court has discretion to award costs associated with the videotaping of a deposition where the videotaped deposition transcript was necessarily obtained for use in the case. Jarvis v.

-4-

trial was not assured.  The claim for court reporter fees for the deposition transcripts of Charlier in the amount of $190.30 is allowed.  However, the claim for court reporter fees for the deposition transcript of DeCray is allowed in the reduced amount of $600.00 (for a total of $1,260.00 rather than $1,300.00), reducing the page rate to $3.75.  Moreover, the claim for court reporter fees for the deposition transcript of Lyle is allowed in the reduced amount of $487.50, reflecting an accurate calculation based on the page rate of $2.50.

   Defendant has shown that the deposition transcripts of plaintiff Sachiko Tomaszewski and plaintiffs' children, Darin P. and Wayne T. Tomaszewski, were necessary to the preparation of the loss of consortium portion of the case as well as to plaintiff's claim that he was completely disabled due to emotional problems that developed after the accident.  Accordingly, the claims with respect to their deposition transcripts in the respective amounts of $316.80, $236.30, and $377.00 are allowed.

   The Clerk disallowed without prejudice a claim for court reporter fees for the deposition transcripts of Robert N. Brady in the amounts of $1,126.20, $789.59, and $803.43, reducing them to $981.83, $691.65, and $708.58, respectively.  However, new documentation submitted by defendant supports the amounts of $930.75, $574.50, and $668.25, respectively, when the page rate

---

Ford Motor Co., No. 92 Civ. 2900 (NRB), 2003 WL 1484370, at *1 (S.D.N.Y. March 21, 2003).

is reduced to $3.75, and those amounts are allowed, superseding the amounts allowed by the Clerk.

The Clerk disallowed without prejudice a claim for court reporter fees for a deposition transcript of Joseph Barnick in the amount of $509.44, allowing only $79.50 for the appearance fee, subject to submission of documentation as to the number of pages in the transcript and the page rate.  Defendant has submitted documentation supporting the amount of $469.50, reducing the page rate to $3.75, and therefore the amount of $469.50 is allowed, which includes the $79.50 appearance fee.

B.  <u>FEES FOR EXEMPLIFICATION AND COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE</u>

Local Rule 54(c)(2)(1) states that the cost of the original and one copy of the trial transcript, transcripts of pretrial proceedings, and the cost of postage required for the court reporter to file the transcripts with the court are taxable if they are authorized in advance by the court or are necessarily obtained for use in the case.

The Clerk disallowed without prejudice claims for transcripts of proceedings held on June 18, 2002, in the amount of $38.96; on July 17, 2002, in the amount of $543.78; on October 31, 2002, in the amount of $337.08; on December 19, 2002, in the amount of $95.40; and on May 5, 2004, in the amount of $12.93, subject to a showing that the transcripts were not merely produced for the convenience of counsel or that they were authorized in advance by the court.  Because defendant has made a showing that the transcripts were necessarily obtained for use in

the case, all these amounts are allowed.  See Majeske v. City of Chicago, 218 F.3d 816, 825 (7th Cir. 2000).

C.   PROCESS SERVER FEES

In the Second Circuit, taxation of costs for special process servers "is justifiable," but "such costs should be taxable only to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service [$45.00], since only the Marshal's fee amount is actually statutorily authorized."  United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996).

In view of the information in defendant's resubmission, process server fees incurred in connection with the following witnesses are allowed:

Joseph Barnick: allowed in the reduced amount of $45.00.

Hadar Lubin: allowed in the respective amounts of $39.00, $42.00, and $39.00.

Gary M. Crakes: allowed in the respective amounts of $39.00 and $39.00.

Craig Powell: allowed in the respective amounts of $39.00 (6/4/01), $45.00 (the statutory maximum) (3/9/04), $45.00 (3/9/04), and $45.00 (10/21/04).

Kirsten Anderson: denied.

Wolf Erlich: allowed in the amount of $39.00, which is the amount supported by the documentation submitted by defendant.

Marvin Arons: allowed in the amount of $39.00.

Rhoda L. Kreisman: allowed in the amount of $42.00.

John Huang: allowed in the reduced amount of $45.00, based on the statutory maximum.

St. Francis Hospital & Medical Center: allowed in the amount of $45.00, which is supported by the documentation submitted by defendant.

General Practitioners of Medicine, P.C.: allowed in the amount of $45.00, which is supported by the documentation submitted by defendant.

William J. Farrell: allowed in the amount of $45.00, which is supported by the documentation submitted by defendant.

Midstate Medical Center: allowed in the amount of $45.00, which is supported by the documentation submitted by defendant.

D.   FEES FOR WITNESSES

Pursuant to Local Rule 54(c)(4)(i), "[w]itness fees are taxable when the witness has actually testified or was necessarily in attendance at trial," and "[w]itness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. . . . Any amounts in excess of the statutory limits are not taxable."  The statutory amount for a witness's attendance fee is $40.00 per day.  28 U.S.C. § 1821.

The Clerk disallowed without prejudice requested witness fees for Joseph Barnick, allowing the reduced amount of $40.00, subject to documentation to support the full amount requested; for Hadar Lubin on 2/23/01, 10/21/02, and 5/21/01, because the claims for the deposition transcripts were denied pursuant to Rule 54(c)(4)(i); for Gary M. Crakes on 2/23/01 and 6/5/01,

because the claims for the deposition transcripts were denied; for Craig Powell on 6/4/01, 3/4/04, 3/4/04 (because the claims for these deposition transcripts were denied), and 10/21/04, in the reduced amount of $40.00, subject to submission of documentation to support the full amount requested; for Kirsten Anderson on 9/24/01 and 3/9/04 ( because the claims for the deposition transcripts were denied); for Wolf Erlich on 9/24/01 and 11/15/01 (same); for Marvin Arons (same); for John Huang (same); for Compass Investigators (subject to a showing as to the purpose of the subpoenas); and Midstate Medical Center (subject to a showing as to the purpose of the subpoenas).

In light of the information in the resubmission, the following fees are allowed:

Joseph Barnick: allowed in the amount of $40.00;

Hadar Lubin: allowed in the respective amounts of $2.00 (10/21/02), and $40.00 (5/21/01).  The claim for $40.00 (2/23/01) is denied because no invoice was submitted showing the deposition took place.

Gary M. Crakes: allowed in the reduced amount of $40.00 (2/23/01) and $40.00 (6/5/01).  The claim for $48.00 (2/23/01) is denied because no invoice was submitted showing the deposition took place.

Craig Powell: allowed in the amount of $40.00 (3/9/04) and the reduced amount of $40.00 (10/21/04).  The second claim for $40.00 (3/9/04) is denied as duplicative.  The claim for $40.00 (6/4/01) is denied because the invoice lists no witness fee.

<u>Kirsten Anderson</u>:  The claim for $47.00 (9/24/01) is denied because the claim for the deposition transcript has been denied.

<u>Wolf Erlich</u>: allowed in the reduced amount of $40.00.

<u>Marvin Arons</u>: allowed in the reduced amount of $40.00.

<u>John Huang</u>: The claim for $49.50 is denied because John Huang did not testify at trial, and no showing has been made that he was present for the purpose of testifying.

<u>Compass Investigators & Adjusters</u>:  The claim for $40.00 is denied because no individual from Compass Investigators & Adjusters testified at trial, and no showing has been made that such an individual was present for the purpose of testifying.

<u>Midstate Medical Center</u>:  The claim for $40.00 is denied because no invoice was submitted showing that the deposition took place.

<u>Hadar Lubin (dep. attendance)</u>: The claim is denied because no invoice has been submitted showing the date of the deposition in question or that it ever took place.

<u>Kirsten Anderson (dep. attendance)</u>: denied because the claims for the deposition transcript have been denied.

<u>Wolf Erlich (dep. attendance)</u>: allowed in the reduced amount of $40.00.

SUMMARY: The defendant's resubmitted bill of costs is hereby allowed as follows:

```
FEES OF COURT REPORTERS        $11,862.59
FEES FOR PROCESS SERVERS            762.00
FEES FOR WITNESSES                  362.00

            TOTAL              $12,986.59
```

So ordered.

Dated at Hartford, Connecticut this 23rd day of December 2005.

                                                  /S/

                                Robert N. Chatigny
                        United States District Judge